Good morning, Your Honor, Your Honors. My name is Chris Austin. I represent in this matter appellants Art LLC and Artem Koshkalda. I also have made an appearance on behalf of KBF. I think there was a clerk there not informing you that I would be speaking on behalf of KBF as well, all under the same time constraint. I intend to reserve three minutes for rebuttal if possible. Back in December 18th of 2017, in this case, Mr. Artem Koshkalda, appearing pro per before the district court, informed the district court inartfully and as best as he could for some 40 minutes about what is now the subject of this appeal, the plain error that has been committed by the court in this case. Starting on, it's found in the record at Supplemental Excerpt of Record, first volume, page 8. At the bottom of that, you'll see there's a little reference. I can give you the line number. I'm sorry, we can find it. We can find it. It's just a small little statement in which Artem Koshkalda says to the court, in ECF 112, ECF 112 was the report and recommendation of the magistrate that was adopted by the district court for case terminating sanctions in this case against the defendants and the appellants in this case. So he says, in ECF 112, which is about all of the defendants, because it terminated the matter against all defendants, Judge Cook, she was then talking about, she was taking the ruling against three of them and applies against everybody. And he spent more time explaining and detailing that, and we've laid that out in the briefing that is before the court today. The concern that he had was that if you take a look at that report and recommendation, which is 112, there's a plain and clear error. In 112, the court talks about defendants in the plural, but it refers to orders that the magistrate court had entered earlier, specifically referring to an order that's identified as ECF 88, or excuse me, yeah, I think it's 88, in which the court, no, 85, in which the court, no, it is 88, I have it right, in which the court rules against three defendants, and there are also appellants apparently in this case today. Those three defendants are Inc. Systems, Lucky Print, and Andre Kravchuk, and makes specific findings against them and indicates to them, gives them warnings, all kinds of things that are going to happen if they don't do those, don't comply with the court's orders to appear and defend the matter. They don't. And then there is a subsequent motion, a ruling, a motion which is ECF 91, in which Epson then pleads to inter case ending sanctions against everyone, but uses the arguments that were made only against three, and the court adopts that and enters it as ECF 112. If I take your attention real quickly to 112, I want you to take a look at the language that the court cites. The court says in 112, we're talking about the procedural history, that there was an issue that took place in 84, I warned everybody, what happened in ECF 1 and 84 is the court got after Artem Koshkald and others for issues that amounted to not appearing at a hearing prepared to respond. And I was there, and I was the one that was not prepared on that day because of the other matters that had taken place. Issue sanctions at 5,000. The only defendant that pays it is Artem Koshkald. Artem Koshkald responds to every single matter that's issued in 84. He shows up for deposition, testifies for nine hours. He supplements all of his discovery responses. He removes all the declarations. He is the one that consistently appears on behalf of himself and on behalf of the company. And that is the foundation for all of these issues that are before the court. I'm going to have to reserve the balance of my time. I would refer you to the pleadings. I think they fairly state forth the issues that are here. Thank you. Thank you, counsel. So now we'll, go ahead, please. Good morning. Appellant Vitaly Maluk, Appeal in Pro Se. May I please the court? Today, you will hear the story how bad all appellants are. Today, you will hear the story how bad I am. I want to ask you to focus on two, from my perspective, important elements in this case. Element number one, does the specific arguments raised by the appellees apply to every appellant, some appellants, or it does not apply at all? And second important element in this case, does the time frame, whether it was occurred before case termination sanctions or it was after. I'd like to reserve the rest of my time for rebuttal. Good morning, your honors. Roman Terjanek, Appeal in Pro Se. Thank you for taking the time to review this case. I stand by my, the statements that we have made in the notice and I do not have any further, anything to add to those arguments. Thank you for appearing today. Hi, my name is Kristina Terjanek and my maiden name is Antonova and I was never served and everything was put in a brief and I will stick to the brief and I will reserve my time for rebuttal. All right, very good, thank you. Dear Justice, good morning. My name is Andriy Kravchuk and I am an appellant appearing Pro Se. I would like to thank you for the opportunity to be here today. I totally rely on my opening brief and I have nothing to add. I really think that this case should result on the merits to the best of the public interest. I truly believe that I have complied with every court order. Thank you very much for this opportunity and your time. Good morning, Your Honours. My name is Igor Velov. I am an appearing Pro Se. I would like to thank you for your time to review this case. I described my position in the opening brief. I don't have anything else to add. Thank you. Good morning, Your Honours. My name is Vladimir Westbrook. My last name used to be Slobodanyuk. I would like to thank you for allowing me to be here today and for looking into this case. I would like to rely on my brief. Thank you. Good morning, Your Honours. May it please the Court, Annie Wang on behalf of the Epson Plaintiffs, Appellees and Trademark Owners. We ask this Court to affirm the judgment. This record reflects the repeated efforts and findings of two veteran judges who are responsible for the well-informed rulings you've been asked to review for abuse of discretion. To the extent you've been asked to make rulings on issues presented for the first time on appeal, those complaints must be rejected as improperly asking this appellate court to play the role of the trial court. Complaints that serve as a process as to numerous of the sanctions orders issued in this case, as well as to damages, could have and should have been brought before the District Court, particularly when parties were represented by counsel. What is in the record is evidence of an exceedingly patient magistrate judge who over 11 hearings tried many different things in escalating severity to get appellants R. L. L. C., Kashkalda, Kravchuk, Bilob, and Malyuk, who I'll refer to as the sanctions defendants, to comply with their basic discovery obligations and her straightforward orders. It was no surprise that at the eighth hearing regarding discovery, she remarked in her nearly 18 years on the bench she had never before entered terminating sanctions, nor had she ever encountered the level of obstructionism and failure to respond to the most basic discovery requests allowed pursuant to our rules. I think the, as far as I can tell, from reading the appellant's papers, the primary issue I see is, is the contention that the magistrate judge, in imposing sanctions on everybody, sort of tarred everybody with, you know, with one broad brush stroke. Can you address that assertion? Yes, Your Honor. The claim that Epstein improperly treated all of the sanctions defendants in the same manner is contradicted by the record. The sanctions defendants committed many of the same defaults. Among many other things, lesser sanctions were considered and ordered as to each of the sanctions defendants before terminating sanctions were ordered. For example, Epstein's discovery was propounded in December of 2016. There were no responses until March of 2017 and only after intervention by the magistrate judge. During that time, there were also no documents produced by those parties or by those responsible for those In March of 2017, Epstein had found a significant number of Amazon selling accounts, bank accounts, PayPal accounts, none of which were identified by the sanctions defendants, even though those accounts did belong to each of the sanctions defendants, and not together. I mean, each one of the sanctions defendants owned at least one of the accounts at issue. The magistrate judge also ordered all the sanctions defendants to produce documents at a court hearing to However, none of them did. And then again on August 8th, 2017, despite all of the individual sanctions defendants being required to appear before the magistrate judge, there were no appearances by any of them. That these deficiencies were wholesale and chronic further supports the propriety of the decisions made in the district court to enter case-ending sanctions. The district judge was also well aware of the sanctions defendants' bad faith litigation conduct, having specifically found that the sanctions defendants' dilatory tactics in discovery only further strengthened the conclusion of Epstein's strong showing of success on the merits. In total, the district court found that Epstein was likely to succeed on its claims on four separate occasions. The district judge also had particularized experience with certain of the appellants, finding Appellants Cushcalda as well as Westbrook in contempt of court for their willful violations of his orders. Bench warrants were issued as to both individuals. Appellants' unsupported assertions demonstrate one key reason for the doctrine of a waiver. There is no record supporting the arguments now made before the court, and it is Appellants' own failure to make those arguments and to reduce relevant evidence in support that is alone responsible for those omissions. What is also not in the record with respect to the sanctions defendants specifically are filed oppositions to Epstein's motions for sanctions in at least three cases, one impacting all of the sanctions defendants. Also missing from the record are objections to at least four of the sanctions orders issued by the magistrate judge, which bars appellate review pursuant to the Federal Rule 72. The only objections that were filed were to the recommendation. However, the arguments presented here on appeal were not included in those objections. It's also undisputed that there were no motions filed in the district court challenging the sufficiency of service of Roman and Christina Tarionic, and Vladimir Westbrook, who I will refer to as a nonresponsive defendant. It's also undisputed that the only appellants that opposed Epstein's motion for default judgment were Appellants Kushkalda and Malyuk. The only Appellant Kushkalda appeared at the hearing. And again, as to the arguments raised on appeal, those arguments were not raised in the district court. As to all of these waiver issues, there was either no response in the reply briefs, and that was the case for Appellants Belov and Kravchuk, or sole reliance on the plain error doctrine, again raised for the first time in reply. However, as it is raised by the appellants, it's completely inapplicable and misleading. Any plain error presupposes there having been at least an opportunity to commit an error, which is impossible if the matter or issue was not raised, argued, or decided by the lower court. Additionally, it seeks to redefine the standard of review, which we all agree is abusive discretion. And last, the lead case cited by most of the appellants is a 1910 case that was actually describing or discussing a literal court rule that happened to have the words plain error in it. It was the literal plain error rule. However, that rule was repealed by 1925. The Ninth Circuit has not endorsed that rule as represented. The case provided is actually from, or the citation provided is actually from the dissenting opinion. The majority in the case cited by the appellants as to the Ninth Circuit's opinion actually endorsed the rule of waiver, and the court actually refused to consider assignments of error raised for the first time in the, or that were not raised by the appellants' brief. Counsel, I'm interested in how the statutory damage amount was calculated and what the actual damages. I mean, if you elected statutory, actual damages shouldn't be relevant. And I'm not sure I quite understand how the district court arrived at $12 million in statutory damages. Sure. Your Honor, the $12 million comes from a calculation for six trademarks and the max statutory damage permitted of $2 million per trademark. The evidence that, and again on a limited record that Epson was able to deduce, showed over $14 million in infringing sales. And so that figure went into the calculation to inform the district court as to sort of the size and scope of the activities. But why is actual damages relevant if you were seeking statutory damages based on the six trademarks and their different uses on types of goods and services? The actual damages amount was to better inform the court who was exercising its broad discretion in determining the amount to award as the damages. Willfulness was pled also extensively in the complaint, which was admitted as a result of the default. There was an addition to that of express finding of willfulness as to appellant Kravchuk as part of one of the sanctions orders. The limited record that we were able to deduce, again because of all the discovery defaults and some of the non-responsive defendants failure to appear at all, indicated that this case was a very straightforward counterfeiting case where the defendants were making their own counterfeits. So even with the limited record we had, we were able to show a fair amount of willfulness. Now, I did want to address one of the remarks made in the appellant's opening statements with respect to the report and recommendation. The finding that the appellants were specifically warned that failure to comply with the magistrate judge's orders could result in terminating the sanctions was repeated multiple times, including without limitation to any order, and that is at Excerpt of Record 76, lines 12 through 18. The finding was also fully supported by the record. Through counsel, each of the sanctions defendants specifically acknowledged, presented a joint report that should they fail to make comprehensive responses, plaintiffs would seek sanctions, including striking of their answers. The court also warned them as part of the first formal sanctions order, saying that if there were any further issues regarding discovery responses, that plaintiffs would have leave to renew their motion to compel for case-ending sanctions. The order later references specifically case-ending sanctions. The warnings were also given in multiple hearings, including on April 17 and June 8. As to the service of process complaints, there is a process in place for review, but not first review before this appellate court. There are valid proofs of service filed, and those proofs of service are entitled to a presumption of validity as a matter of law. Appellants have not rebutted that presumption, as their statements and their theories are not part of the record. With respect to the tarionic appellants, their main arguments supplied by counsel, again not based on anything in the record, is the theory that as a married couple it would be unlikely that they would share the same address as another person. In this instance, Appellant Kush called it. That is not evidence. In any case, it's unconvincing because that is exactly what they're doing now. Per the current docket information, they again share the same address as another person, now Appellant Malyuk. But are you contending that the service was proper under Rule 4? Yes. And in addition, they still do appear to live with Appellant Kush called as he shares the same address of record in numerous appeals pending before the Court. As to Appellant West... Do you think that you served somebody at an address, that that's sufficient service? No, Your Honor. The proof of service on its face reflects compliance with Rule 4 with respect to the co-occupant who was of suitable age being served with the appropriate process. With respect to Appellant Westbrook, in addition to the valid proof of service, there's confirmation that he was well aware of the action, even of the contempt order against him, but he still refused to respond or appear in the case. As to Appellant KBF, on its face, the proof of service filed with the Court shows compliance with Nevada Rules Civil Procedure 41. The only complaint raised was that a declaration of attempts was not referenced in the proof of service at ER 215. At least one unpublished case has concluded that that is the requirement of the rule. If there was a mistake as to where the declaration of attempts was to be filed, it was harmless and easily corrected. Federal Rule of Civil Procedure 4 makes clear that if there was a failure to prove service, that does not affect the validity of the service. In all of the case at the non-responding defendant's case, there was a motion made in the District Court that was on review. That did not happen here and, therefore, all of the case law and the reasoning is inapplicable to this case. The cases found by Epson confirm that this Court should reject attempts to raise service of process issues for the first time on appeal. As to the remark made as to the sanctions that were issued after the recommendation, I think, frankly, that just shows that the decision when faced with the most extreme sanction possible, you know, it had no effect on the non-compliant defendant's behavior. I would be happy to answer any other questions the panel might have, but in conclusion, if there are none, you know, as the parties who have issued the sanctions, there was no abuse of discretion as it took something really extreme to force the hand of the magistrate judge to issue terminating sanctions for the first time in her nearly 18 years on the bench. And she only did it after she was finally finished with the fiction that the misbehaving parties had any intention of cooperating in the litigation. Her findings should be afforded significant weight. The district judge, after de novo review, agreed, confirming the high degree of care that was exercised in ending what was otherwise an unrelenting display of gamesmanship as to each and every one of the sanctions defendants. Nor was there any error made as to the recovery of damages, again, that were $2 million less than the infringing sales Epson was able to identify, in spite of not getting any help from the defendants, either through their willful obstructionism or their purposeful silence and failing to respond at all. This case was more than just about technical rule violations. The purposeful failure to appear in extensive discovery defaults were targeted to prevent Epson from learning basic information about the infringement at the heart of the case. The resulting damage and prejudice to Epson is undeniable. The record supports the definite and firm conviction that the magistrate judge and the district judge made the right calls. We ask that this court affirm the judgment and defer to the who made the appropriate decisions in their broad discretion, and we ask that you bring this matter to its long and proper end. Thank you. Our long-awaited and proper end. Thank you. Thank you, counsel. Rebuttal. And let's put two minutes on the clock. We'll give you your full two. I appreciate that. Thank you, Your Honor. The key issue that I think is exactly the one that Your Honor has raised, the same brush was used to paint all of the defendants when they all did not all behave in the same fashion. Contrary to what was just stated, the order that was given in the report and recommendation was not individualized as to any of the defendants, but it relied on an order that was. If you go into the actual analysis of 112, it says defendants numerous failures to obey court orders. Plural. But the reference that she is citing to is the order that was only against the three defendants in order ECF 88. The same is true for each and every element that is used by the magistrate in that report and recommendation. Every time she refers to defendants, she is specifically quoting from the order that is ECF 88 that applies to only the three defendants. And in that order, those three defendants were specifically defined as, quote, defendants, including, for example, that we are warning you that if you do not comply, defendants, meaning the three defendants, if you do not comply, case-ending or terminating sanctions may be implemented against you. That is exactly the same quote that is used in ECF 112, in which she says — Counsel, you're using ECF — I should say the report and recommendation. But you're saying what they relied on was the June 19th order against the three defendants, Inc. System, Lucky Print, and Kravachuk. Yes. I apologize. I — We don't label it that way. I appreciate it. Thank you. I don't know. It was my first appearance before you. Exactly. What is the easier way to address these documents? Well, well done. Yes. It is that June order. Okay. And that June order was against those three individuals. And then in the August order, or the report and recommendation, which is in August, it is again referencing the languages parallel all the way through. And the word defendants is pulling the same phraseology from the June order, but that word defendants in the June order only referred to the three. And that's my point. That's the same brush. As to the defendants or the appellants I represent, they did appear. They appeared at every hearing. They had appeared at every single hearing before this order issued and before the motion for sanctions had ever been filed. They went — he attended his deposition. He paid the fine that he needed to pay. There is no specific finding that he was either willfully disobeying any order. There is no specific finding that he didn't comply with any discovery demand or discovery request. And my time is up. I appreciate your time. Thank you, Your Honors. Thank you, Counsel. I think it's 108. Appellant Maluk. Unfortunately, I haven't heard nothing new about myself. But I must admit a police counsel was correct. This case is not about technical following some rules. This case is about dignity. And the dignity has no price. Thank you. Would anyone else like to offer rebuttal comments? All right. And I want to thank the pro se advocates for your efficient presentation and for being here this morning. The case just heard will be submitted for decision.
judges: Thomas, Tashima, Wardlaw